IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,835-01





EX PARTE HECTOR ROLANDO MEDINA






ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. W07-32923-S(A) IN THE 282ND JUDICIAL DISTRICT COURT


DALLAS COUNTY





 Per Curiam. Keller, P.J., and Meyers, Keasler, and Hervey, JJ., would deny
the motion.


O R D E R



 We have before us a "Motion for Appointment of Conflict-Free Counsel and to Suspend
Briefing Schedule Pending Resolution of Motion."

 In October 2008, a jury convicted applicant of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure article
37.071, and the trial court, accordingly, set punishment at death. This Court affirmed applicant's
conviction and sentence on direct appeal. Medina v. State, No. AP-76,036 (Tex. Crim. App. Jan.
12, 2011)(not designated for publication).

 Applicant presents ten allegations in his application in which he challenges the validity of
his conviction and resulting sentence. However, applicant may have failed in his pleadings to state
specific, particularized facts which, if proven true, would entitle him to habeas relief. See Ex parte
Staley, 160 S.W.3d 56, 63 (Tex. Crim. App. 2005). Accordingly, the State filed a motion to
dismiss the application, and the trial court issued an order that, in effect, recommended that this
Court dismiss the application.

 However, before this Court ruled on the application, it determined that it wanted to invite
briefing from the trial judge hearing the case and the parties on issues enumerated in an order
issued on July 1, 2011. Briefing on those issues is currently due to be filed in this Court on or
before August 15, 2011. Pro bono counsel has now filed a motion in which he asserts that,
because current counsel's pleadings may be insufficient, he has potentially developed a conflict
with his client that does not allow him to properly address the issues propounded by the Court on
behalf of his client.

 Without ruling or otherwise expressing an opinion on pro bono counsel's arguments about
currently appointed counsel, this Court has determined that other counsel may be appointed to
represent applicant for the limited purpose of briefing the issues raised in the Court's order of July
1, 2011. Therefore, the Office of Capital Writs is appointed and charged with the task of briefing
the issues on applicant's behalf. All briefs will be due in this Court on or before September 12,
2011.

 IT IS SO ORDERED THIS THE 8th DAY OF AUGUST, 2011.


Do Not Publish